In the Matter of the Wrongful Death ESTATE OF William Doyle HESTER, deceased.

Joyce Hester and Stephanie Conzales, Appellants–Petitioners,

v.

Theresa Hester, Appellee–Defendant.

No. 45A04–0211–CV–542.

Court of Appeals of Indiana.

Dec. 27, 2002.

## *ORDER*

The Appellee, by counsel, has filed a Motion to Dismiss, alleging that the Appellants did not timely file their Notice of Appeal. Specifically, the Appellee claims that the trial court entered final judgment on August 28, 2002, but the Appellants did not file their Notice of Appeal until October 3, 2002, outside the thirty-day limit prescribed by Appellate Rule 9(A)(1). In

support, the Appellee correctly notes that the final order was signed by the trial court on August 28, 2002, it was file-stamped as being filed in open court on August 28, 2002, and the chronological case summary shows that the order was entered on August 28, 2002.

The Appellants respond, by counsel, claiming that the order was not entered until September 3, 2002, and, thus, their October 3, 2002, Notice of Appeal was timely. In support, they provide an affidavit from Margaret LeMare, Probate Clerk of Lake Superior Court, Room Number One. She attests that she received the case file and order on September 3, 2002. She says that on September 3, 2002, she entered the order into the computer but "reflecting the signed date of August 28, 2002." (Appellants' Response to Appellee's Motion to Dismiss, attached LaMere Affidavit at ¶ 2). The Appellants reason, therefore, that "[t]he clerk entered the order on the date she received it, namely September 3, 2002." Thus, the Appellants conclude that since the order was entered on September 3, 2002, the Notice of Appeal they filed on October 3, 2002, was timely. Finally, the Appellants note that they have filed a Motion for Correction of Docket and Chronological Case Summary, which is still before the trial court.

Having reviewed the matter, the COURT FINDS AND ORDERS AS FOLLOWS:

1) "[U]pon a decision of the court, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter the judgment in the Record of Judgments and Orders and note the entry of the judgment in the Chronological Case Summary and Judgment Docket." Ind. Trial Rule 58(A).

2) "A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." Ind. Appellate Rule 9(A)(1).

3) The final order was signed by the trial court on August 28, 2002, it was file-stamped as filed in open court on August 28, 2002, and the chronological case summary shows that it was entered on August 28, 2002.

4) Therefore, even though the probate clerk made a computer record of the judgment on September 3, 2002, judgment was entered on August 28, 2002. Accordingly, the Appellants' October 3, 2002, Notice of Appeal was not timely, and this appeal is DISMISSED WITH PREJUDICE. The show cause order issued by the Court on November 18, 2002, is discharged as moot.

RILEY, KIRSCH, J.J., concur.

BAKER, J., dissents, and would remand the matter to the trial court and direct it to rule on the Appellants' Motion for Correction of Docket and Chronological Case Summary.